**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAE JEONG LYU, | No. 20-55362 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-05533-JVS-FFM |
| v. | |
| ROBERT HIGHT, Deputy of District Attorney, individual and official capacity; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| JOHN P. YUTAN; STEPHEN ISAGO, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted February 17, 2021[**]

Before:    FERNANDEZ, BYBEE, and BADE, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

California state prisoner Jae Jeong Lyu appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims related to his arrests and convictions. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Lyu's claims against defendants Gravely and Hight because they are entitled to prosecutorial immunity. *See Cousins v. Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009) (setting forth the scope of prosecutorial immunity).

We reject as without merit Lyu's contentions that *Heck v. Humphrey*, 512 U.S. 477 (1994), is no longer good law and that the district court should have treated his operative complaint as a habeas petition.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**